FEE PAID

Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582



FILED
CLERK, U.S. DISTRICT COURT

OCT 6 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____EEE_____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JORGE ALEJANDRO ROJAS,

        Plaintiff,

v.

PIONEER CREDIT SOLUTIONS LLC,

        Defendant.

Case No. 2:23-CV-08433-SB-E x _____

**COMPLAINT FOR:**

1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

    Plaintiff, Jorge Alejandro Rojas, files this Complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendant Pioneer Credit Solutions LLC, and alleges based on personal knowledge, information, and belief:

## INTRODUCTION

    1.    As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls

to cell phones and home phones. *See Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227.

3. This case involves a campaign by Defendant to obtain business via itself or affiliates making telemarketing calls concerning debt relief, debt consolidation, and related services.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of California. Specifically, Defendant conducts significant business in the State. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Some of the follow up telephone calls and texts Plaintiff received from Defendant were from "in district" telephone numbers, and as explained more fully below, Plaintiff believes were made based upon the (mistaken) belief that he continued being located within this District, where he previously resided.

7. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois. Plaintiff previously resided within this District.

9. Defendant Pioneer Credit Solutions LLC, is a Delaware entity, with a principal address of 402 West Broadway, Ste 400, San Diego, CA 92101, and a registered agent of Northwest Registered Agent Service, Inc, located at 8 The Green, STE B, Dover, DE, 19901.

10. Defendant is a person as defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

12. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

13. The TCPA makes it unlawful to make calls using an automatic telephone dialing system ("ATDS") without the call recipient's prior express consent.

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

15. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

16. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or

investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

17. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

## FACTUAL ALLEGATIONS

18. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582. The phone number is not associated with a business and is used by Plaintiff solely.

19. Plaintiff is the account holder and customary user of his phone number.

20. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

21. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

22. Plaintiff also alleges that Defendant may have made other telephone calls prior to the Call 1 identified below, which will be identified further in discovery.

23. Plaintiff alleges that the Defendant directed its conduct at this district because they made telephone calls to the Plaintiff, who has an "in district" telephone number, based upon the false impression that he continues to reside herein.

24. Plaintiff previously resided within this District, in Torrance, California, from 1996 to approximately 2014. Plaintiff maintains a 424 telephone number, and that is the telephone number called by the Defendant. *See Luna v. Shac, LLC*, 2014 U.S. Dist. LEXIS 96847, *11 (N.D. Cal. July 14, 2014) (finding purposeful direction "where Shac intentionally sent text messages directly to cell phones with California based area codes, which conduct allegedly violated the TCPA and gave rise to this action, Shac expressly aimed its conduct at California."). *Branham v. ISI Alarms, Inc.*, 2013 U.S. Dist. LEXIS

124933, *28 (E.D. N.Y. Aug. 30, 2013) (holding that the defendants should have anticipated that the use of a system "to call a New York cell-phone number could subject them to being hauled into court in New York."). Plaintiff also has a prior connection to this District based upon his prior residence within it.

25. **Call 1.** On or about October 2, 2023, at 5:52 PM Pacific time, Plaintiff received a telephone call from Defendant, or an agent or affiliate acting on its behalf, from 951-503-0570.

26. The 951-area code is assigned to Riverside, CA, and surrounding locations. https://www.allareacodes.com/951

27. When Plaintiff answered the telephone, and stated a greeting multiple times, he was connected to a male, who spoke in Spanish, and identified himself as "Angel Quintero."

28. Angel stated that the purpose for his call was that he was with a company that offers debt relief services.

29. Angel provided a call back number of 888-343-2541, and when asked by Plaintiff why the call back number is different than the number he was calling from, Angel stated that he was using a computer to dial the telephone number.

30. Angel stated during the call that he had an address in Torrance, CA, located within this District, for the Plaintiff.

31. Angel stated that Plaintiff would get a subsequent call from a debt resolution representative.

32. On October 3, 2023, Plaintiff received a call from Angel, who then performed a transfer of the call to a female, speaking in Spanish, who identified herself as "Maria Claudia."

33. On October 3, 2023, Plaintiff received a series of text messages from 213-214-4844, an in district telephone number, with images, text, and links, which identify the Defendant in this action.

34. One of the text messages from 213-214-4844 was "Hola senora soy Maria de Pioneer Credit Solutions LLC hoy hablamos referente a sus deudas, aca le envio informacion importante de nuestra compania."

35. One of the text messages from 213-214-4844 was an image that provided a company name of "Pioneer Credit Solutions LLC."

36. A search online of the telephone number 213-214-4844 leads to results of Green Pacific Builders, Inc, https://www.manta.com/c/m1wr4h6/green-pacific-builders-inc, https://www.callupcontact.com/b/businessprofile/Green_Pacific_Builders_Inc/8650507, and https://ezlocal.com/ca/anaheim/home-remodeling/0917833683/amp.

37. Plaintiff alleges that the telephone calls were made with an ATDS system.

38. The basis for the ATDS allegation includes the fact the representative admitted that a "computer" was being used to dial the telephone number, as well as the longer than natural pause prior to beginning the conversation with the representative.

39. To the extent that Defendant is utilizing a third-party call center to make calls on its behalf, Defendant named here is vicariously liable for their conduct, as that conduct was made for its own benefit.

40. The call was made for the purposes of soliciting the services of an organization offering credit repair services.

41. The conduct alleged in this action was made willful and knowingly.

42. The TCPA requires telemarketers to provide training to their employees, contractors, etc., and Defendant has failed to properly train the same.

43. Plaintiff did not have a prior business relationship with Defendant.

44. Defendant did not have any consent to call Plaintiff.

45. Defendant is not an organization exempt from the TCPA.

46. Defendant's calls to Plaintiff were made for the purpose or intention of being a "telephone solicitation."

47. Defendant's calls to Plaintiff were made for the purpose or intention of being an "unsolicited advertisement."

48. Upon information and belief, Plaintiff received additional calls from Defendant and its affiliates not included above.

49. Plaintiff alleges that Defendant trains its affiliates to avoid divulging too much information to leads and customers to evade TCPA liability.

50. In total, Defendant and/or its affiliates placed at least one (1) telephone solicitation calls to Plaintiff.

51. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendant.

52. Defendant has a pattern and practice of failing to comply with the TCPA.

53. The foregoing acts and omissions were in violation of the TCPA.

54. Defendant is engaging in violations of the TCPA to get business.

55. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

56. The acts and omissions of Defendant constitutes knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

57. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

58. Plaintiff is also entitled to an award of costs.

59. Defendant's calls were not made for "emergency purposes."

60. Defendant's calls to Plaintiff were made without any prior express written consent.

61. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

62. The acts and/or omissions of Defendant was done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

63. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

64. Plaintiff, in discovery will better identify how many telephone calls were made by Defendant and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1.** Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

65. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

66. Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

67. Plaintiff was statutorily damaged at least one (1) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each.

68. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $1,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered,

B. Statutory damages of $500.00 per call for every violation of 47 U.S.C. § 227(b),

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C),

D. Treble statutory damages of $1,500.00 per violation of the TCPA's implementing regulations,

E. All reasonable witness fees, court costs, pre-judgment and post-judgment interest, and other litigation costs incurred by Plaintiff,

F. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future,

G. Leave to amend this Complaint to conform to the evidence presented at trial,

H. Any other relief this Court deems proper.

Respectfully submitted,

Dated: October 6, 2023

JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582