UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>    Plaintiff,<br><br>v.<br><br>PIONEER CREDIT SOLUTIONS LLC,<br><br>    Defendant. | Case No. 2:23-cv-08433-SB-E<br><br><br>ORDER TO SHOW CAUSE RE DISMISSAL FOR IMPROPER VENUE |

    Pro se Plaintiff Jorge Alejandro Rojas, an Illinois resident, filed this lawsuit in the Central District of California alleging a violation of the Telephone Consumer Protection Act based on calls and text messages he received from Defendant Pioneer Credit Solutions LLC, alleged to be a Delaware entity with an address in San Diego, California.  Dkt. No. 1.  Plaintiff alleges that "[v]enue is proper under 28 U.S.C. § 1391(b)(2)." *Id*. ¶ 7.  Section 1391(b)(2) provides that a civil action may be filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  Plaintiff does not allege the calls or text messages were made from within the Central District of California or that he was in California when he received them.

    Plaintiff bears the burden of showing that venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  The Court may raise the issue of improper venue sua sponte, provided it first gives the parties an opportunity to be heard.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  It is not apparent from the face of Plaintiff's complaint that any relevant event or omission giving rise to Plaintiff's claim occurred in this district, nor that any property that is the subject of the action is located here.  Plaintiff suggests that because his area code is associated with a city in this district, Defendant's calls and

text messages to his phone were directed at the district.  But Plaintiff identifies no authority suggesting that a defendant's mistaken belief that it is calling or texting someone in a particular district establishes venue in that district under § 1391(b)(2).  See *Griffith v. Boll & Branch, LLC*, 19-CV-1551, 2020 WL 532419, at *5 (S.D. Cal. Feb. 3, 2020) ("Plaintiff cites no case, and the court is aware of none, finding that venue in a TCPA or analogous claim is proper in the district corresponding to the area code of the cell phone that received the text message or phone call based solely on the area code.  The only connection between this district and the instant case consists of Defendant's text messages to a (619) area code.  This, standing alone, is insufficient for venue.").

    Accordingly, Plaintiff is ORDERED to show cause in writing no later than October 27, 2023, why this action should not be dismissed without prejudice for improper venue.  If Plaintiff fails to timely respond, he will be deemed to have agreed that venue is improper in this district and that the case should be dismissed without prejudice.

    IT IS SO ORDERED.

Date: October 20, 2023

                                  Stanley Blumenfeld, Jr.
                                  United States District Judge