UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>    Plaintiff,<br><br>v.<br><br>PIONEER CREDIT SOLUTIONS LLC,<br><br>    Defendant. | Case No. 2:23-cv-08433-SB-E<br><br>ORDER OF DISMISSAL FOR IMPROPER VENUE |

     Pro se Plaintiff Jorge Alejandro Rojas, an Illinois resident, filed this lawsuit in the Central District of California alleging a violation of the Telephone Consumer Protection Act based on calls and text messages he received from Defendant Pioneer Credit Solutions LLC, alleged to be a Delaware entity with an address in San Diego, California. Dkt. No. 1. Plaintiff alleges that venue is proper under 28 U.S.C. § 1391(b)(2), which provides that a civil action may be filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Because it was not clear from the face of the complaint that any relevant action took place in this district, the Court ordered Plaintiff to show cause why the case should not be dismissed for improper venue. Dkt. No. 12. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (district court may raise venue sua sponte as long as it gives parties the opportunity to be heard).

     In his response to the Court's order to show cause (OSC), Plaintiff acknowledges that he was not in this district when he received the messages that give rise to his claims. His sole argument is that Defendant directed its conduct at this district because it believed, based on Plaintiff's area code, that it was calling and texting him in this district. As the Court pointed out in its OSC, Plaintiff did not identify any authority suggesting that a defendant's mistaken belief that it is

1

calling or texting someone in a particular district establishes venue in that district under § 1391(b)(2), and he has not pointed to any such authority in his OSC response. *See Griffith v. Boll & Branch, LLC*, 19-CV-1551, 2020 WL 532419, at *5 (S.D. Cal. Feb. 3, 2020) ("Plaintiff cites no case, and the court is aware of none, finding that venue in a TCPA or analogous claim is proper in the district corresponding to the area code of the cell phone that received the text message or phone call based solely on the area code.  The only connection between this district and the instant case consists of Defendant's text messages to a (619) area code.  This, standing alone, is insufficient for venue.").  Defendant's mistaken belief that it was calling Plaintiff in this district does not establish that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" here.  28 U.S.C. § 1391(b)(2).  Accordingly, Plaintiff has not met his burden to show that venue is proper.

Plaintiff summarily requests that if his showing is inadequate, the Court either defer ruling on the OSC or transfer the case to the Southern District of California or to Delaware rather than dismiss it.  Plaintiff has not made a sufficient showing that venue is proper in either of the proposed districts, nor that the Court should continue to retain this improperly filed case on its docket so that it can receive additional submissions and make a determination about what alternative venue may be appropriate.  The calls and texts of which Plaintiff complains were received earlier this month, so there does not appear to be any statute of limitation problem if the Court dismisses the case.  Accordingly, it is ORDERED that this case is DISMISSED without prejudice for improper venue.

A final judgment will be entered separately.

Date: October 30, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge